UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUBLAS ARGUIJO,

       Plaintiff,                          Hon. Phillip J. Green

v.                                            Case No. 1:20-cv-378

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY, et al.,

       Defendants.
_____/

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint. (ECF No. 29). The parties consented to proceed in this Court for all proceedings, including trial and an order of final judgment. 28 U.S.C. § 636(c)(1). Accordingly, the Honorable Janet T. Neff referred this case to the undersigned. For the reasons discussed herein, Defendants' motion to dismiss (ECF No. 29) will be granted and this action terminated.

## BACKGROUND

In 2000, Congress amended federal immigration law through passage of the Victims of Trafficking and Violence Protection Act of 2000. *See* Pub. L. No. 106-386, 114 Stat. 1464 (2000) (codified at 8 U.S.C. § 1101(a)(15)(U)). This amendment created the U-Visa, a new category of immigrant visa available to aliens who are victims of certain crimes and who assist law enforcement in the investigation and

prosecution of such crime. *See* 8 U.S.C. § 1101(a)(15)(U). The United States Citizenship and Immigration Service (USCIS), a department within the Department of Homeland Security (DHS), is the agency responsible for adjudicating visa applications. *See M.J.L. v. McAleenan*, 420 F.Supp.3d 588, 591 (W.D. Tex. 2019).

Federal law provides that no more than 10,000 U-Visas may be issued in any fiscal year. 8 U.S.C. § 1184(p)(2). Once this statutory cap is attained, U-Visa applicants are placed on a waiting list. *See* 8 C.F.R. § 214.14(d). According to this regulation, "[p]riority on the waiting list will be determined by the date the petition was filed with the oldest petitions receiving the highest priority." *Id.* As of 2017, the U-Visa waiting list exceeded 175,000 applicants. *See Calderon-Ramirez v. McCament*, 877 F.3d 272, 276 (7th Cir. 2017). Pursuant to current law, the Secretary of DHA "may grant work authorization to any alien who has a pending, bona fide [U-Visa] application. . . ." 8 U.S.C. § 1184(p)(6).

In his second amended complaint, Plaintiff seeks relief against: (1) DHS; (2) USCIS; (3) Acting Secretary of DHS, Chad Wolf; and (4) Acting Secretary of USCIS, Kenneth Cuccinelli. (ECF No. 28). Plaintiff asserts that on March 19, 2018, he submitted applications for a U-Visa and for work authorization pending the adjudication of his U-Visa application. Plaintiff asserts two claims for relief: (1) his application for a U-Visa has been unreasonably delayed, and (2) his request for work authorization pending resolution of his U-Visa application has been unreasonably delayed. Defendants argue that this Court lacks subject matter jurisdiction over Plaintiff's claims and, in the alternative, that Plaintiff's allegations fail to state a

claim on which relief may be granted.[1]

## ANALYSIS

### I. Subject Matter Jurisdiction

Plaintiff asserts that his applications for a U-Visa and work authorization have been unreasonably delayed. Plaintiff's claims are asserted pursuant to the Administrative Procedures Act (APA) which mandates that "within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). While federal law authorizes courts to "compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), the APA articulates two significant limitations on this authority. Specifically, the APA prohibits judicial review where (1) "statutes preclude judicial review," or (2) the "agency action is committed to agency discretion by law." 5 U.S.C. § 701. Thus, the APA authorizes the Court to review claims of "unreasonable delay" unless review is precluded by statute or concerns a matter committed to agency discretion. *See M.J.L.*, 420 F.Supp.3d at 594-95. Relevant to the present matter is a provision of federal law which provides that "no court shall have jurisdiction to review" any "decision or action" which is "in the discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii).

---

[1] Defendants initial motion to dismiss (ECF No. 20) is hereby dismissed as moot as the complaint to which it was directed was subsequently amended and superseded.

A. Work Authorization

Plaintiff made a request for work authorization pending resolution of his U-Visa application pursuant to 8 U.S.C. § 1184(p)(6). He claims it has been unreasonably delayed. The relevant statutory provision explicitly states that "[t]he Secretary [of Homeland Security] *may* grant work authorization to any alien who has a pending, bona fide application [for a U-Visa]." 8 U.S.C. § 1184(p)(6). As courts recognize, this provision explicitly grants to the Secretary of DHS the discretion whether to grant an application for work authorization. *See, e.g., Patel v. Cissna*, 400 F.Supp.3d 1373, 1379-80 (M.D. Ga. 2019); *M.J.L.*, 420 F.Supp.3d at 598-99. Because this claim concerns a matter left to the discretion of the Secretary of DHS, the Court lacks jurisdiction to review such. *See, e.g., Patel*, 400 F.Supp.3d at 1379-83; *M.J.L.*, 420 F.Supp.3d at 598-99.

B. U-Visa

The decision whether to grant a U-Visa is a matter left to the discretion of the Secretary of DHS. *See, e.g., L.D.G. v. Holder*, 744 F.3d 1022, 1024 (7th Cir. 2014) ("[t]he decision whether to grant a U Visa is statutorily committed to the discretion of the Secretary of Homeland Security. . .and is exercised through USCIS"). There does not appear to be any dispute that the USCIS has an affirmative, non-discretionary, duty to adjudicate U-Visa applications. *See, e.g., Calderon-Ramirez*, 877 F.3d at 276. Thus, the Court would appear to have jurisdiction over a claim that the USCIS has refused to adjudicate a U-Visa application.

But Plaintiff does not allege that the USCIS has refused to process his U-Visa application. Instead, he asserts that a decision regarding his U-Visa application has been unreasonably delayed. Thus, the jurisdictional question raised by Plaintiff's claim is whether the pace at which a U-Visa application is adjudicated is a matter of discretion, which lies beyond this Court's jurisdiction. This is a question that has divided courts. *See, e.g., M.L.J.*, 420 F.Supp.3d at 595-97 (the "nondiscretionary duty" to adjudicate U-Visa applications encompasses claims regarding the pace of adjudication); *Beshir v. Holder*, 10 F.Supp.3d 165, 172-77 (D.D.C. 2014) (the absence of an adjudication timeline or deadline in the relevant statute gives to the USCIS the discretion to determine the pace at which U-Visa applications are adjudicated). The Court finds the latter position far more persuasive and consistent with the authority identified above.

In support of its conclusion that the pace of U-Visa adjudication was not discretionary, the *M.L.J.* court first observed that "the USCIS has a nondiscretionary statutory duty to *adjudicate* U Visas." *M.L.J.*, 420 F.Supp.3d at 595. From this, the court reasoned that "[t]he secretary cannot be charged with immigration administration and simultaneously have no duty to administer. Such a result is irrational." *Id.* at 595-96. Thus, the court found that challenges to the pace of adjudication of a U-Visa application were within its jurisdiction. *Id.* at 597.

This Court finds this logic unpersuasive for two reasons. First, it conflates the Secretary's obligation to adjudicate U-Visa applications with questions regarding the pace of such adjudication. Stated differently, this analysis fails to recognize a

distinction between (a) a claim that the Secretary has refused to adjudicate a U-Visa application and (b) a claim that the adjudication process is simply proceeding too slowly. The Court can certainly envision a circumstance in which an adjudication delay is so lengthy that such is fairly characterized as a refusal to adjudicate. But the *M.L.J.* court's analysis did not rest upon, or recognize, such a distinction. Moreover, neither the facts in that case nor the facts in the present case would support a finding that the delay suffered by Plaintiff is fairly characterized as a refusal to adjudicate.

Second, the analysis by the *M.L.J.* court simply disregards the fact that the relevant statutes contain no language (1) establishing a deadline within which U-Visa applications must be adjudicated or (2) articulating guidelines or factors relevant to the question of the pace of adjudication. As the *Beshir* court recognized, when Congress wanted to impose on immigration officials an affirmative obligation to perform an act within a certain time frame, Congress included such language in the relevant statute. *See Beshir*, 10 F.Supp.3d at 176; *see also, Little Sisters of the Poor Saints Peter and Paul Home v. Pennsylvania*, 140 S.Ct. 2367, 2381 (2020) (a "fundamental principle" of statutory interpretation is that "absent provisions cannot be supplied by the courts," a principle which "applies not only to adding terms not found in the statute, but also to imposing limits on an agency's discretion that are not supported by the text").

Accordingly, the Court finds that it lacks subject matter jurisdiction to resolve Plaintiff's claim that his U-Visa application has been unreasonably delayed. As discussed below, however, even if the Court were to resolve this jurisdictional question differently, the result would be the same as Plaintiff has failed to articulate any basis for relief.

## II. Failure to State a Claim

Plaintiff argues that his application for a U-Visa has been unreasonably delayed and requests that the Court enter an Order mandating that Defendants process his U-Visa application within thirty days. Defendants argue, in the alternative, that Plaintiff's allegations fail to state a claim on which relief may be granted.

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The Court need not accept as true, however, factual allegations which are "clearly irrational or wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads

facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss . . . Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

When resolving a claim under the APA that an agency's mandatory adjudication determination has been unreasonably delayed, the Court considers the six factors articulated in *Telecommunications Research & Action Center v. FCC*, 750 F.2d 70 (D.C. Cir. 1984), generally referred to as the TRAC factors. *See, e.g., Gonzalez v. Cissna*, 364 F.Supp.3d 579, 585 (E.D.N.C. 2019); *Yan Chen v. Nielsen*, 2018 WL 1221130 at *1-2 (E.D.N.Y., Mar. 8, 2018).

The TRAC factors are: (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed, such may inform the rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the nature and extent of the interests prejudiced by delay; and (6) a finding of impropriety is not a prerequisite for finding that agency action is unreasonably delayed. *See Gonzalez*, 364 F.Supp.3d at 585; *Yan Chen*, 2018 WL 1221130 at *1-2. Consideration of these factors compel a finding that Defendants' motion to dismiss be granted.

The first factor does not weigh in Plaintiff's favor. U-Visa applications are generally adjudicated in order of submission "with a select few petitions being expedited subject to criteria set forth by the agency." *Gonzalez*, 364 F.Supp.3d at 585. This constitutes a rule of reason. *Ibid.* The second factor likewise does not advance Plaintiff's position as Congress has failed to articulate a timeframe within which it expects U-Visa applications to be processed. With respect to the third and fifth factors, while the Court recognizes that the delays in processing U-Visas enacts a very real cost in terms of human health and welfare, such does not by itself render the delay in this case unreasonable. This is especially the case where the delay in adjudicating Plaintiff's U-Visa application, less than 33 months, is significantly shorter than the average adjudication time of 52 months. *See Guerra Rocha v. Barr*,

951 F.3d 848, 850 (7th Cir. 2020). In sum, consideration of these factors does not support a finding that the delay in adjudication of Plaintiff's U-Visa is unreasonable.

This conclusion is strengthened by consideration of the fourth factor. Courts have concluded that absent allegations that an applicant has been treated differently from other applicants, claims by U-Visa applicants to move ahead of other applicants should be rejected. *See, e.g., Xiaobin Xu v. Nielsen*, 2018 WL 2451202 at *2 (E.D.N.Y., May 31, 2018) (regarding the fourth factor, "it is appropriate to refuse to grant relief, even though all the other factors considered in TRAC favor it, where a judicial order putting the petitioner at the head of the queue would simply move all others back one space and produce no net gain"); *Gonzalez*, 364 F.Supp.3d at 585 (same); *Yan Chen*, 2018 WL 1221130 at *2 (same). Plaintiff does not allege that he is being treated differently from other U-Visa applicants. Rather, he merely objects to the delay in processing his application. Thus, this factor strongly, if not dispositively, weighs against Plaintiff's position.

In sum, Plaintiff's allegations fail to state a claim on which relief may be granted. Accordingly, with respect to Plaintiff's claim that adjudication of his U-Visa application has been unreasonably denied, the Court grants Defendants' motion to dismiss on the alternative ground that Plaintiff's allegations fail to state a claim on which relief may be granted.

## CONCLUSION

For the reasons articulated herein, Defendants' original motion to dismiss (ECF No. 20) is dismissed as moot, and Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (ECF No. 29) is granted and this matter is terminated. An Order consistent with this Opinion will enter.

Dated:  December 16, 2020                              /s/ Phillip J. Green
                                                                      PHILLIP J. GREEN
                                                                      United States Magistrate Judge